UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES ALLEN CARTER, SR.,
*et al.*,
        Plaintiffs,

Case No. 4:04-CV-131

v.

Hon. Richard Alan Enslen

THE PEPSI BOTTLING GROUP,
INC.,

**OPINION**

        Defendant.
_____/

This matter is before the Court on Defendant the Pepsi Bottling Group, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Motion has been fully briefed and oral argument is unnecessary. *See* W.D. Mich. L. Civ. R. 7.2(d).

**BACKGROUND**

Plaintiffs James Allen Carter, Sr., *et al.*, through counsel, filed this suit on November 12, 2004 seeking unpaid wages under both federal and state laws. This suit was filed as a companion case to an earlier case, *Allison v. the Pepsi Bottling Group, Inc.*, 5:03-cv-485. In the *Allison* case, the state law questions were adjudicated first on motion practice and the federal claims were then dismissed before an appeal was taken concerning the state law interpretations.

In the present case, the parties previously submitted for approval a stipulation dismissing the federal claims (claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*). The stipulation was approved and dismissal ordered of the federal claims on April 15, 2005. The stipulation did not affect Plaintiffs' state law claims under the Michigan Minimum Wage Law, Mich. Comp. Laws § 408.381 *et seq.* Defendant then brought the instant dismissal motion on April 28, 2005.

**LEGAL STANDARDS**

Defendant's Motion involves the interpretation of a federal statute–28 U.S.C. § 1367. This statute, which formalizes the common law federal concept of pendent jurisdiction, specifies the following:

> **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> > **(1)** the claim raises a novel or complex issue of State law,
> > **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
> > **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). These practices are familiar to federal courts who are often called to adjudicate state controversies in the context of pending federal claims, but then readily surrender their supplemental jurisdiction upon the dismissal of state law claims.

This statute is worded to protect the state law claims from impairment due to the operation of statutes of limitations. The statute provides in pertinent part:

> **(d)** The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d).

**LEGAL ANALYSIS**

This Motion is not aptly titled. As specified in § 1367 and in the common law–cases such as *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), even after federal claims are

dismissed in suit, the federal court retains subject matter jurisdiction over state law claims subject to its own judgment as to whether to exercise such jurisdiction. While Plaintiffs are right that such decision is discretionary, Defendant is right that the exercise of that discretion leans strongly against the exercise of federal jurisdiction over state law matters.

The history and operation of this statute was explained by the Sixth Circuit Court of Appeals in *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244 (6th Cir. 1996):

> However, there is a second problem with the district court's assertion of supplemental jurisdiction over the unpled state law claims. On the particular facts of this case, it was an abuse of discretion to retain the state law claims on a theory of supplemental jurisdiction after dismissal of the federal claims upon which supplemental jurisdiction depended. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) established the doctrine of supplemental jurisdiction as a matter of federal common law. Essentially, *Gibbs* held that a federal court can decide a state law claim that forms part of the same "case or controversy" as a claim over which the court has jurisdiction. *Ibid.* Since *Gibbs,* federal courts have expanded and shaped the doctrine of supplemental jurisdiction by applying it to new circumstances.
>
> In 1990, Congress passed a supplemental jurisdiction statute, now codified at 28 U.S.C. § 1367. Although § 1367 overruled *Finley v. United States,* 490 U.S. 545, 109 S. Ct. 2003, 104 L.Ed.2d 593 (1989) (restrictions on jurisdiction over third parties), the statute affirmed *Gibbs,* as interpreted by subsequent federal courts, as the proper measure of federal supplemental jurisdiction. . . .
>
> A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims. *Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit,* 738 F.2d 163, 166 (6th Cir.1984). That discretion, however, is bounded by constitutional and prudential limits on the use of federal judicial power. *Gibbs* itself expressed one of the most important of these limits: "Certainly, if the federal claims are dismissed before trial, even though [the federal claims are] not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139.
>
> The word "certainly" was effectively erased by *Rosado v. Wyman,* 397 U.S. 397, 90 S. Ct. 1207, 25 L.Ed.2d 442 (1970). There the Court held that a district court did not abuse its discretion in retaining jurisdiction over supplemental state law claims after it dismissed the

> touchstone federal claim for mootness before trial. 397 U.S. at 405, 90 S. Ct. at 1214. *Rosado* held that there is no categorical rule that the pretrial dismissal of a federal claim bars a court from deciding remaining state law claims. *Ibid.* Instead, the decision depends on "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). This approach was codified at 28 U.S.C. § 1367(c)(3), which provides that a district court "may" (rather than must) decline to exercise jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."

*Musson Theatrical, Inc.*, 89 F.3d at 1254. Further, the *Musson* Court specified that when federal claims are dismissed as part of a Rule 12(b)(1) or 12(b)(6) motion, then the district courts should exercise their jurisdiction to dismiss the remaining state law claims except in certain narrow and limited "unusual circumstances." *Id.*

In the instant case, the federal dismissal was made as the result of a stipulation rather than as part of motion practice so the particular rules for 12(b)(1) and 12(b)(6) dismissals in *Musson* do not apply. However, the general federal presumption favoring state court jurisdiction over state law matters, as specified in *Gibbs*, does apply.

In this case, the interests and fair and convenience do not favor either a state or federal forum because both courts would be committed to a fair result and because both could dispense justice with an eye toward the convenience interests of the parties. The interest of judicial economy does favor the federal forum because this Court, in *Allison*, has already expended resources in analyzing the state law issue and could more promptly rule than a state tribunal without this experience. However, the interest of comity strongly favors the state forum. "Comity" as defined by *Black's Law Dictionary,* means the "courtesy among political entities . . . involving especially mutual recognition of legislative, executive and judicial acts." *Black's Law Dictionary* at 261 (7th ed. 1990). This courtesy must appreciate the state courts' primary role in adjudicating state law controversies.

Although this Court believes that it has properly adjudicated the *Allison* case, in the long run, those adjudications must be adopted and applied by the state courts in order to prevail. There is no present reason for delaying the process or work of comity in this suit.

Therefore, Defendant's Motion will be granted because the Court will dismiss the pending state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## **CONCLUSION**

A Judgment of Dismissal shall enter granting Defendant's Motion and dismissing Plaintiffs' state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

|  |  |
|---|---|
| | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| June 9, 2005 | UNITED STATES DISTRICT JUDGE |